UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MITCHELL D. LOVE, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV98-S-159-NE
 )
J. TYLER RODEN, CULLMAN )
COUNTY COMMISSION, GEORGE SPEAR, )
DOUGLAS TERRY, AND RONALD )
DILLASHAW, )
 )
    Defendants. )

ENTERED
JUN 1 2 1998

## MEMORANDUM OPINION

Plaintiff is a former deputy sheriff of Cullman County, Alabama. He alleges the 1992 personnel handbook for Cullman County employees created a contract that prohibited termination of his employment without certain due process procedures, and that those procedures were not followed when he was discharged on January 24, 1996. He seeks damages under Alabama law for breach of contract, and under 42 U.S.C. § 1983 for deprivation of rights secured by the due process clause of the Fourteenth Amendment to the United States Constitution. Defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted. Upon consideration of the pleadings, briefs, and evidentiary submissions, this court determines the motion is due to be granted in part and denied in part.

14

## I. FACTUAL ALLEGATIONS

Plaintiff's discharge arises from an incident that occurred on January 15, 1996, while plaintiff, another Cullman County deputy sheriff, Sergeant Robert Schweighart, and a Good Hope, Alabama police officer, Bryan Goodwin, were enjoying a meal in the Good Hope, Alabama "Waffle House" restaurant. They allegedly failed to assist a waitress who requested help during the course of their meal.

Plaintiff was summoned to a meeting with defendant Cullman County Sheriff J. Tyler Roden on January 24, 1996, and informed that he was being dismissed for unsatisfactory performance and improper conduct: *i.e.*, for allegedly failing "to help a citizen asking for assistance," and, for making "comments unbecoming of a law enforcement officer to the citizen asking for assistance." (First Amended complaint at 4.[1])  Plaintiff appealed Sheriff Roden's decision to the Cullman County Commission, which upheld the action. (*Id.* at 5.)

Plaintiff denies the allegations which formed the basis for his discharge, and claims that rights guaranteed by Alabama law and the Cullman County Personnel Handbook were violated:

> Specifically, Defendant Roden and Defendant Cullman County Commission did not utilize progressive discipline prior to dismissing Plaintiff, and Defendant Roden did not obtain the approval of the Cullman County Commission prior to dismissing Plaintiff. Moreover, Defendants violated Plaintiff's rights by not administering discipline fairly, consistently and uniformly in that

---

[1] Plaintiff claims Sergeant Robert Schweighart's employment was not terminated. Instead, Schweighart only was "demoted to day shift patrol." (First amended complaint at 5.)

> Sergeant Schweighart was not dismissed, but simply demoted to day shift patrol. Further, Defendants violated Plaintiff's rights in that Plaintiff was not provided with three days notice before the effective date of any proposed discipline[;] the reason for the proposed discipline; the proposed disciplinary action to be taken and the effective date; his right to a due process hearing; his right to appear in person at the hearing and/or to be represented by reasonable representation of his choice; the date, time and place of such hearing; a list of witnesses, if any, to appear and his right to ask questions of such witnesses; his right to respond to the charges orally or in writing; and his right to call individuals to speak in his behalf.

(*Id.*)

Plaintiff claims the authority to make employment decisions concerning deputy sheriffs was delegated to the Cullman County Commission by legislative action of the State of Alabama. Alabama Act No. 80-549 created a personnel system for Cullman County. In pertinent part, that Act provides:

> **Section 1. Application.** <u>This Act shall apply to and have application in Cullman County, Alabama, to all regular full-time employees</u> whose wages, salaries, and benefits are provided in whole or in part from the general fund for the county and other designated and special funds under the management and administration of the county commission of said county, <u>including regular full-time employees of the sheriff's department</u>, revenue commissioner's office, probate judge's office, and juvenile probation office, including the chief probation officer, except as limited in Section 2 of this Act.
>
> **Section 2. Exception to Application.** <u>The provisions of this Act notwithstanding, the sheriff of Cullman County shall be authorized to set employment policies for the sheriff's department of Cullman County and subject to the provisions of Section 10 and Section 11 of this Act, to promote and demote personnel within the sheriff's department without consulting the Cullman County commission or the personnel board</u>. The sheriff of Cullman County shall be authorized to hire law

3

enforcement personnel for the sheriff's department of Cullman County provided such personnel meet the requirements of the Alabama Minimum Standards Act. Applications for employment with the sheriff's department shall be submitted to the sheriff's department. <u>The Cullman County commission and personnel board shall not be authorized to set policies on employment practices with the sheriff's department.</u> All law enforcement personnel within the sheriff's department shall be considered skilled employees and their salaries set in accord with such skilled status. Provided, however, that nothing in this section shall be construed to limit, abridge, or interfere with any right or protection provided any employee under this Act. Elected officials shall be authorized to reject any applicant for employment with their respective offices.

    **Section 3. Definitions.** As used in this Act, unless the context plainly indicates a different meaning, the following words, terms and phrases shall have the meanings respectively ascribed to them: 'County' means Cullman county, Alabama; <u>'employee' means any person who is employed in the service of the county on a regular full-time basis</u>; 'exempt service' means those employees to whom this Act shall not apply; 'classified service' means those employees to whom the Act shall apply; 'commission' means the county commission of Cullman County; 'board' means the personnel board; 'head of department/office' includes the sheriff, revenue commissioner, probate judge, and chairman of the county commission. ...

    **Section 4. Personnel System.** <u>All employees of the county as herein defined shall be subject to the personnel rules and regulations promulgated pursuant to this Act</u>. Present employees and those who may hereafter be employed shall remain in their respective employments during good behavior, efficiency, and adherence to such rules and regulations as may from time to time be prescribed by the commission. Nothing herein contained shall be construed to prevent or preclude the transfer or removal of an employee, in the sole discretion of the commission, for the purposes of cost or budget reduction, and no present employee shall be subject to any examination in order to hold his present job.

(Plaintiff's exhibit 3 in response to motion to dismiss.)

4

The provisions of Act No. 80-549 were amended in 1992 by Alabama Act No. 92-486, which had the stated purpose of providing "further for the sheriff's department to be included under the civil service system." (Plaintiff's exhibit 4 in response to motion to dismiss.) In pertinent part, Act No. 92-486 provided:

> **Section 1.** Section 2 of act No. 80-549, H. 967, 1980 Regular Session (Acts 1980, p. 851) is hereby amended to read as follows:
>
> "**Section 2. Exception to Application.** Elected officials shall be authorized to reject any applicant for employment within their respective offices."

(*Id.*)

## II. STANDARD FOR 12(b)(6) MOTION TO DISMISS

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, plaintiffs need only allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), *Fed. R. Civ. P.*. For purposes of a motion to dismiss, the factual allegations in the complaint must be taken as true. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991), *cert. denied*, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991). Dismissal is appropriate only where it is clear the plaintiff can prove no set of facts in support of the claims in his complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, this court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) only when, on the basis of a dispositive issue of law, no construction of the factual

5

allegations will support the cause of action. *Executive*, 922 F.2d at 1539. *See also Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946).

### III.  DISCUSSION

**A.   Constitutional Claims Against the Cullman County Commission**

Plaintiff's claims against the Cullman County Commission are premised upon the following argument:

> In enacting Act No. 92-486 [which amended § 2 of Alabama Act No. 80-549], the State of Alabama, acting by and through its legislature and governor, vested the Commission and Commissioners with authority and responsibility with regard to the termination of Plaintiff. Even assuming Sheriff Roden is a constitutionally established executive officer of the State of Alabama and is an employee of the State, rather than the County, the State of Alabama, through Act No. 92-486, amending Act No. 80-549, delegated the State's and Sheriff Roden's authority over personnel decisions regarding Deputy Sheriffs to the Commission and the Commissioners. ....

(Plaintiff's brief in opposition to motion to dismiss at 7.)

Even though the Alabama legislature allegedly delegated Sheriff Roden's authority to hire and fire deputy sheriffs to the Cullman County Commission, plaintiff claims the commission, through custom and practice, "allowed Defendant Roden to act as the 'ultimate repository' of the County's authority in setting policies and procedure regarding discharge of Plaintiff." (First amended complaint at 5.)

> A local government may be held liable under § 1983 only for acts for which it is actually responsible, "acts which the [local government] has officially sanctioned or ordered." ... To evaluate whether a local government is

6

> liable under § 1983, a court must "'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'"

*Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Initially, therefore, this court must determine "who the policymaker is and in which particular area that policymaker acted." *Id.*

Plaintiff clearly views Sheriff Roden as the policymaker with regard to the discharge of Cullman County deputy sheriffs. (*See* first amended complaint at 5.[2]) Defendants agree that Sheriff Roden is the relevant policymaker, but contend he is a policymaker for the State of Alabama, not the county. (*See* brief in support of motion to dismiss at 4.) Thus, "the contested issue is whether the sheriff functions as the County's policymaker when he [terminates the employment of a deputy sheriff]," or as a State actor only. *Turquitt*, 137 F.3d at 1288 (emphasis supplied).

The Eleventh Circuit in *Turquitt* clearly instructs this court to resolve that issue by reference to Alabama law, "including state and local positive law, as well as custom and usage having the force of law." *Id.* "A threshold question ... is whether the official is going about the local government's business. If the official's actions do not fall within an area of the local

---

[2] "Defendants Cullman County Commission, Spear, Terry, and Dillashaw allowed Defendant Roden to act as the 'ultimate repository' of the County's authority in setting policies and procedures regarding discharge of Plaintiff." (First amended complaint at 5.)

7

government's business, then the official's actions are not acts of the local government." *McMillian v. Johnson*, 88 F.3d 1573, 1578 (11th Cir. 1996), *aff'd*, ___ U.S. ___, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

Notwithstanding the language of Alabama Acts 80-549 and 92-486, this court's review of relevant law persuades it that an Alabama sheriff does not function as a county policymaker when he terminates the employment of a deputy sheriff.

1. **Alabama Constitutional and common law**

Any analysis of Alabama law must begin with that State's constitution. The Alabama Constitution of 1901 designates the sheriff as a member of the State's executive department: "The executive department shall consist of a governor ... and a sheriff for each county." Ala. Const. of 1901, Art. V, § 112.

> The legislative history of the Alabama Constitution reflects an intent to bring sheriffs under the control of superior state officials. Sheriffs were first named executive department officials when the state constitution was amended in 1875. Ala. Const. of 1875, Art. V § 1. At that time, authority to impeach a sheriff resided in the court of the county in which the sheriff held office. Ala. Const. of 1875, Art. VII § 3. In 1901, the framers of the Alabama Constitution decided that the Governor, as chief executive officer of the state, needed more control over the sheriffs. *See Parker v. Amerson*, 519 So.2d at 443-44. Accordingly, the Constitution was amended to enable the Governor to order the impeachment of sheriffs before the Alabama Supreme Court, thereby solidifying the chief executive officer's control over inferior executive officers.

*Turquitt v. Jefferson County*, 137 F.3d 1285, 1288 (11th Cir.

8

1998).³ Thus, as a matter of Alabama constitutional law, the Cullman County Sheriff is free of the control of the Cullman County Commission.

Furthermore, this circuit's interpretation of Alabama common law demonstrates that an Alabama Sheriff has sole authority over hiring, firing, and retention of his deputy sheriffs. In *Terry v. Cook*, 866 F.2d 373 (11th Cir. 1989), the Eleventh Circuit recognized that

> Under Alabama law, a deputy sheriff is the general agent of and empowered to enter into business transactions for the sheriff. Any transaction within the scope of the sheriff's duties may be acted upon by his deputy. ... The deputy sheriff is the alter ego of the sheriff, ... and the sheriff is civilly liable for actions committed by a deputy done in the performance of his duty. ...
>
> At least one court has recognized that "'[i]t was never contemplated that the sheriffs of the state must

---

³Professor Malcolm Cook McMillan records that "one of the hardest fought and most controversial issues of" Alabama's 1901 constitutional convention was "the control of the governor over sheriffs."

> Ex-governor Jones introduced and led the fight for a provision that the governor should be able to suspend a sheriff charged with negligence in a lynching case while his trial was pending in the courts. He pointed to the large number of lynching cases in Alabama and said that this provision was the only way to reduce the number. The convention passed the provision giving the governor power to suspend a sheriff while his trial was pending; but pressure from the Sheriffs, Clerks, and Registers Association, which held a meeting in Montgomery for that purpose[,] forced the convention to rescind its action. These men also brought pressure on the convention to reject the provision against consecutive terms, but were not successful. Some members of the convention predicted the defeat of the constitution when submitted because the sheriffs of the counties and their organizations would oppose it. Finally the convention provided that the governor might order impeachment proceedings before the Supreme Court against a sheriff for negligence of duty in a lynching case, but the sheriff should hold his office until pronounced guilty by the court.

Malcolm Cook McMillan, Constitutional Development in Alabama, 1798-1901: A Study in Politics, the Negro, and Sectionalism 337-38 (1955)(footnotes omitted).

> perform the powers and duties vested in them through deputies or assistants selected by someone else.'" ... The district court in *Whited v. Fields*, 581 F.Supp. 1444, 1456 (W.D.Va.1984), interpreting Virginia law, likewise recognized:
>
>> Is it not then a matter of vital government interest that the sheriff have complete and absolute control and authority over who his deputy sheriff will be regardless of any first amendment limitations if he is totally responsible for the acts of his subordinates? ... To mandate that a sheriff must accept the deputies that he finds in office simply because they belong to another political party even though he is totally responsible for all their acts is incredible, and beyond the bounds of common sense.
>
> *Id.* We agree. <u>The closeness and cooperation required between sheriffs and their deputies necessitates the sheriff's absolute authority over their appointment and/or retention</u>.

866 F.2d at 377 (emphasis supplied). Because an Alabama sheriff is a <u>State</u> official who possesses "absolute authority" over retention of his deputies, *Terry* indicates that the sheriff does not go about <u>county</u> business when he hires or fires deputies.

   2. **An Alabama Sheriff, when acting as a law enforcement official or jail administrator, is not a county policymaker**

Binding authority also establishes that an Alabama sheriff is <u>not</u> a <u>county</u> policymaker in two contexts. The United States Supreme Court has held that "Alabama sheriffs, when executing their <u>law enforcement duties</u>, represent the <u>State of Alabama</u>, <u>not their counties</u>." *McMillian v. Monroe County*, ___ U.S. ___, 117 S.Ct. 1734, 1740, 138 L.Ed.2d 1 (1997)(emphasis supplied). Similarly,

10

the Eleventh Circuit recently held that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288 (emphasis supplied).

Neither *McMillian* nor *Turquitt* are binding "for every type of official action" in which a sheriff may engage. *McMillian*, 117 S.Ct. at 1736. Even so, they present strong persuasive authority in support of the proposition that Sheriff Roden acts exclusively for the State, rather than Cullman County, when he decides to hire or fire deputy sheriffs.

### 3.   Interpretation of Alabama Act No. 80-549

The Eleventh Circuit previously confronted Alabama Act No. 80-549. *See Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995). The plaintiff in *Welch* was employed by the Cullman County Sheriff's Department as a dispatcher. She commenced an action for gender-based pay discrimination under 42 U.S.C. § 1983 and the Equal Pay Act against the Cullman County Sheriff and the members of the Cullman County Commission in their official capacities. The court found Act No. 80-549 vested the county commission with "authority to set ranges of compensation for all county employees, including employees of the Cullman County Sheriff's Department." *Id.* at 1010. Thus, the commission "could have delegated that authority to Sheriff Laney[, and] Sheriff Laney could have been operating as the 'ultimate repository' of the county's authority to set salaries."

11

*Id.* Consequently, the court reversed a dismissal of the plaintiff's § 1983 claims against the county commissioners.

The *Welch* plaintiff's Equal Pay Act claims also are relevant to the present action, because the Court found

> <u>the commissioners do not qualify as Welch's employer under the Act</u>. Welch's employment took place on Sheriff Laney's premises, the Cullman County Sheriff's Department, not on any premises of the commissioners. <u>The commissioners exercised no direct control over Welch, except for setting the salary for the employment classification which Welch fit into, and had no power to hire or fire her</u>.
>
> . . .
>
> In contrast, the Sheriff was authorized by 1980 Ala. Acts 80-549 to hire, promote or demote Sheriff's Department employees, including Welch, and to set employment policies for the Sheriff's Department.

*Id.* at 1011 (emphasis supplied).

At first blush, *Welsh* would seem to stand for the proposition that the Cullman County Commission had no power under Alabama Act No. 80-549 to hire or fire sheriff's department employees. It must be remembered, however, that the discrimination complained of by the plaintiff in *Welch* occurred in 1991, prior to amendment of Act No. 80-549 by Act No. 92-486. Before amendment, Alabama Act No. 80-549 clearly declared that "the Cullman County commission [was not] authorized to set policies on employment practices with the sheriff's department." (Ala. Act. No. 80-549, § 2.)

This court's attempt to interpret the effects of the 1992 amendment to Alabama Act No. 80-549 is aided by the decision of the

12

Alabama Court of Civil Appeals in *Whitten v. Lowe*, 677 So.2d 778 (Ala.Civ.App. 1995). In that case, the Marshall County Sheriff terminated the employment of two deputy sheriffs, who appealed their terminations to the Personnel Board of Marshall County. The personnel board of that county had been created by Alabama Act No. 82-206, which contained the following relevant provisions:

> Section 2. As used in this Act, unless the context clearly requires a different meaning ... <u>'employee' means any person, including law enforcement officers, not excepted by Section 3 of this Act, who is employed in the service of Marshall County</u> or any board, agency or instrumentality thereof....
>
> Section 3. <u>The provisions of this Act shall apply to all officials and employees in the service of the County</u> or any board paid by the Marshall County Commission, agency or instrumentality thereof except: (a) persons holding elective offices....
>
> Section 4. All employees to whom the provisions of this Act apply shall be governed by rules and regulations prescribed in or promulgated pursuant to this Act, administered by the Personnel Board....

677 So.2d at 779 (emphasis supplied). The Marshall County Sheriff argued that, under the provisions of the Act, the Marshall County Personnel Board lacked jurisdiction over his decision to terminate deputies. The Court of Civil Appeals agreed, and relied primarily upon *Hooks v. Hitt*, 539 So.2d 157 (Ala. 1988), to find that the personnel board lacked jurisdiction. In *Hooks*, the Alabama Supreme Court held: "By virtue of the fact that a district attorney is a state employee, we conclude that those in his employ are also state

13

employees." *Id.* at 159. The *Whitten* court applied the logic of *Hooks* to find

> [a] sheriff is not a county employee; rather he is a member of the executive branch of state government and thus a state employee by virtue of the Constitution of the State of Alabama. ... Applying *Hooks* to the facts of this case, we must conclude that a sheriff's deputy is also a state employee. Local Act No. 82-206 applies only to those "employees in the service of the County." Therefore, the sheriff's deputies, as employees in the service of the state, are not entitled to protection under the statute.

677 So.2d at 780 (citations omitted).

This court similarly concludes, notwithstanding Acts 80-549 and 92-486, the Cullman County Commission possesses no authority over the hiring and firing of sheriff's deputies. Alabama Act No. 80-549 applies to "all regular full-time <u>employees</u> ... including regular full-time <u>employees</u> of the sheriff's department." Ala. Act. No. 80-549 § 1. Furthermore, "[a]ll <u>employees</u> of the county as [defined by the Act] shall be subject to the personnel rules and regulations in or promulgated pursuant to this Act." *Id.* § 4. However, the term "employee" is further defined as meaning "any person who is employed <u>in the service of the county</u> on a regular full-time basis." *Id.* § 2.

A <u>deputy sheriff</u> is <u>not</u> a person who is employed "in the service of the county"; rather, he or she is <u>a State</u> employee. *Whitten*, 677 So.2d at 780. Therefore, despite its language, Alabama Act No. 80-549 as amended does not strip the Sheriff of Cullman County of his authority for hiring, firing, or retaining

14

deputy sheriffs and shift it to the Cullman County Commission.[4] All such authority remains with the Sheriff, who acts as a State elected official and member of the executive branch of Alabama government.

Plaintiff heavily relies upon the title to Alabama Act No. 92-486, which states that the purpose of the Act is "to provide further for the [Cullman County] sheriff's department to be included under the civil service system." (Plaintiff's exhibit 4 in opposition to motion to dismiss.) He argues that the title evidences a legislative intent to include Cullman County deputy sheriffs within the county's civil service system.

> The title of an act is a part of the act. ... While the title to an act cannot serve to institute a contradiction of plain terms in the enacting clauses of an act, yet the recitals of the title are available aids to the removal of ambiguity or uncertainty in the enacting clauses of an act.

*State v. Board of Revenue and Road Commissioners*, 80 So. 368, 369 (Ala. 1918). Defendants urge this court to reject the title of the Act, or even to hold the Act unconstitutional,[5] because of the

---

[4] That interpretation is shared by the Attorney General of Alabama: "Based on the decision in Whitten v. Lowe, it is the opinion of this Office [that] a court would find that the deputy sheriffs of Cullman County are not county employees, and therefore, not subject to the Cullman County Personnel Board." (Plaintiff's exhibit C-2 in support of motion to dismiss.)

[5] This court is loathe to declare an Alabama Act unconstitutional based upon an interpretation of the Alabama Constitution of 1901. This court's interpretation of the language of Alabama Act No. 80-549 forecloses any such holding. In this court's opinion, however, plaintiff's construction of that Act violates the Alabama Constitution. An Alabama Sheriff is a member of the executive department, and his powers are those of an elected executive official. Any attempt by the Alabama Legislature to delegate those powers would violate Alabama's constitutionally mandated separation of powers. *See, e.g.*, Ala. Const. Art. III, § 43 ("the legislative department shall never exercise the executive and judicial powers").

This court recognizes that "[i]t is within the power of the legislature,

15

alleged contradiction with its title. Instead, this court finds the title of Alabama Act No. 92-486 does not aid in "the removal of ambiguity or uncertainty" found in the language of the Act: neither the title nor the language of the Act specifies which employees of the "sheriff's department" are governed by its provisions.

This court finds that the effect of the 1992 amendment to Alabama Act No. 80-549 is to bring all persons "employed in the service of the county on a regular full-time basis" under the protection of the Cullman County civil service system. This court need not determine which employees of the Cullman County Sheriff's Department, if any, may be considered "in the service of the county." It is enough to find that Cullman County <u>deputy sheriffs</u> are <u>not</u> within that class of employees.

Plaintiff also refers this court to numerous Alabama cases in which personnel boards exercised power over sheriff's deputies or employees. *See Freeman v. Purvis*, 400 So.2d 380 (Ala. 1981); *Jefferson County v. Reach*, 368 So.2d 250 (Ala. 1978); *Anderson v. Mullins*, 206 So.2d 856 (Ala. 1967); *Marshall County Personnel Board*

---

by reasonable regulation, to prescribe the duties of sheriff, provided no constitutional limitation is broken." Rodgers v. Meredith, 146 So.2d 308 (Ala. 1962). There is a distinction between prescription of duties and delegation of power, however. For example, the Alabama Legislature has imposed a duty upon sheriffs to "ferret out crime" in their counties. *See* Ala. Code § 36-22-3(4). Alabama courts have implicitly recognized the propriety of that prescription, *see* Roberts v. State, 63 So.2d 584 (Ala. 1952), but no court has ever found it permissible for the legislature to strip the sheriff of his law enforcement power by delegating it to a County Commission. Yet, plaintiff would have this court hold that it is permissible for the Alabama legislature to strip a sheriff of the power to hire or fire his "alter ego." Such delegation of an inherent power of the sheriff would violate the Alabama Constitution of 1901.

16

v. *Marshall County*, 507 So.3d 954 (Ala. Civ. App. 1987); *Personnel Board of Jefferson County v. Bailey*, 475 So.2d 863 (Ala. Civ. App. 1985); *Lockridge v. Etowah County Commission*, 460 So.2d 1361 (Ala. Civ. App. 1984); *Mobile County v. State*, 3 So.2d 435 (Ala. App. 1941). In only one of those cases was the personnel board's power over an Alabama sheriff's employment practices challenged, however.

In *Lockridge v. Etowah County Commission*, 460 So.2d 1361 (Ala. Civ. App. 1984), the court made the following observation:

> We are unable to find any authority, nor have we been cited any, for the Etowah County Commission to promulgate work rules for the employees of the sheriff's office, <u>especially the sheriff's deputies</u>. In the absence of such authority, we are constrained to hold that the Etowah County Commission has no power to grant leaves of absence to the sheriff's deputies. <u>The sheriff is the only official who has such authority</u>.

*Id.* at 1363 (emphasis supplied). Similarly, after careful review of the Alabama Constitution, relevant case law, and the language of Alabama Act No. 80-549, as amended by Alabama Act No. 92-486, this court concludes that it has been presented with no authority that the Cullman County Commission possesses the power to hire, fire, or order the Sheriff to reinstate deputies.[6]

Accordingly, this court finds that the Cullman County Sheriff does not act as a <u>county</u> policymaker when he hires, fires, or retains deputy sheriffs. It follows, therefore, that liability cannot be imposed on the Cullman County Commission under 42 U.S.C.

---

[6] Indeed, this court doubts the Cullman County Commission <u>ever</u> could receive that power from the Alabama Legislature, absent an amendment to the State's constitution. *See* note 5 *supra*.
17

§ 1983 for Sheriff J. Tyler Roden's decision to terminate plaintiff's employment.

B. **Breach of Contract Claims Against Cullman County Commission**

It also follows from the foregoing discussion and *Whitten v. Lowe*, 677 So.2d 778, 780 (Ala.Civ.App. 1995), that a deputy sheriff for Cullman County, Alabama is not an employee of the county. Consequently, plaintiff cannot claim the Cullman County Personnel Handbook created an employment contract with the county, and his state law claims against the Cullman County Commission and its individual commissioners are due to be dismissed.

C. **Claims Against J. Tyler Roden**

1. **Official capacity claims**

Defendants move to dismiss all official capacity claims against Sheriff J. Tyler Roden. A distinction must be drawn between plaintiff's claim for money damages and his claim for prospective, injunctive relief.

> Suing individuals in their official capacities is "another way of pleading an action against an entity of which an officer is an agent." ... A state, a state agency, and a state official sued in his official capacity are not "persons" within the meaning of § 1983, thus damages are unavailable; but a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought.

*Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995).

Plaintiff argues that his claim for damages against Sheriff Roden in his official capacity should not be dismissed, because

18

there is a possibility that a judgment would be paid by Cullman County, rather than the State. (Plaintiff's brief at 14.) The Eleventh Circuit has held, however, that a claim for damages against an Alabama sheriff "is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme." *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989). The official capacity claim for money damages is thus, clearly due to be dismissed.

Even so, Sheriff Roden must remain a defendant in his official capacity, because plaintiff seeks prospective relief: *i.e.*, reinstatement, and, "a permanent injunction enjoining Defendants from violating the rights of Plaintiff under the due process clause of the Fourteenth Amendment of the U.S. Constitution and § 1983." (First amended complaint at 6.) The motion to dismiss official capacity claims for prospective relief accordingly is due to be denied.

### 2. Individual capacity claims

Defendants also argue that the individual capacity claims against Sheriff Roden should be dismissed, because Roden allegedly is entitled to qualified immunity from suit.

> Qualified immunity shields government officials performing discretionary functions from civil litigation and liability where "their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." ... Under this standard, a plaintiff must show that when the defendant acted, the law was "developed in such <u>a concrete and factually defined context</u> to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." ....

19

*Jones v. City of Dothan*, 121 F.3d 1456, 1459 (11th Cir. 1997)(emphasis supplied; footnote and citations omitted). Even though qualified immunity issues are to be resolved early in litigation, *see GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998), in the judgment of this court, it is <u>too</u> early: plaintiff is entitled to an opportunity to develop the details of a "concrete and factually defined context" in which Roden could be liable. Accordingly, the motion to dismiss individual capacity claims is due to be denied.

### IV. CONCLUSION

For the foregoing reasons, this court concludes plaintiff's claims against the Cullman County Commission and its individual county commissioners are due to be dismissed. Plaintiff's claim for damages against Sheriff Roden in his official capacity also is due to be dismissed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this _11th_ day of June, 1998.

United States District Judge